UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION AT DETROIT

UNITED STATES OF AMERICA,

      Plaintiff,   Criminal No. 07-cr-20392

v.

            Honorable Paul D. Borman

D-1 James Tague

      Defendant.
_____\

## **STIPULATED PRELIMINARY ORDER OF FORFEITURE**

   The United States of America, by and through its attorneys, Stephen J. Murphy, United States Attorney for the Eastern District of Michigan , and Philip A. Ross, Assistant U.S. Attorney, together with Defendant James Tague, by and through his attorney, Neil S. Rockind, Esq., hereby submit this Stipulated Preliminary Order of Forfeiture:

1.  WHEREAS, an Information was filed on August 9, 2007, which charged Defendant James Tague with 18 U.S.C. § 666;

2.  WHEREAS, Defendant James Tague entered into a Rule 11 Plea Agreement docketed by this court on October 3, 2007, wherein he pleaded guilty to violating 18 U.S.C. § 666 (a) and waived notice of forfeiture in the charging instrument pursuant to Rule 32.2 and 43(a);

3. WHEREAS Defendant agreed to forfeit without contest his right, title, and interest in property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 666.

4. WHEREAS Defendant James Tague waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. James Tague acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed on him in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time that his guilty plea was accepted.

5. WHEREAS pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) the Government is entitled to seek the forfeiture of any property, real or personal, which constitutes any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of violations of 18 U.S.C. § 666(a);

6. WHEREAS Defendant James Tague acknowledges that value of the property he obtained as result of his violations exceeds $290,000.

7. WHEREAS the Government acknowledges that it is entitled to see a forfeiture money judgment exceeding $290,000.

8. WHEREAS the Government is entitled pursuant to 21 U.S.C. § 853(p) to seek the forfeiture of substitute assets to satisfy a forfeiture money judgment if, as a result of any act or omission of the defendant any property subject to forfeiture-

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred to, sold to, or deposited with a third party;

   c. has been placed beyond the jurisdiction of this Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

9. Pursuant to 21 U.S.C. § 853 (p)(2), defendant hereby agrees to forfeit his interest, right, and title in the following properties.

   (I) Real Property

   (a) **25806 Cockleshell Drive, Unit # C-314, Bonita Springs, FL 34135,** more fully described as:

   **PARCEL ID# 23-47-25-B4-0090C.3140  LEGAL DESCRIPTION: BONITA PINES CLUB CONDO OR 1346 PG 310 APT C-314**

(b) **1001 Falconhead Lane, Apartment 102, Las Vegas, NV 89128,** more fully described as:

**PARCEL ID# 138-28-611-054  LEGAL DESCRIPTION: ROCK SPRINGS VISTA UNIT 3 PLAT BOOK 39 PAGE 17 UNIT 102 BLDG 14**

(II) Currency:

(a) One Hundred Thousand Dollars in United States funds contingent upon DEFENDANT JAMES TAGUE obtaining a home-equity loan drawn upon equity of a real property more fully described below:

    (1) **310 Bayland Road, Ft. Meyers Beach, FL**, 33931 more fully described as:

        **PARCEL ID# 28-46-24-W4-00400.0100  LEGAL DESCRIPTION:  Bayland Heights PB 11 PG 48 Lot 10**

    (2) Upon delivery to the Government of the funds listed above in a check made payable to the United States Marshals Service, the Government will discharge its *Lis Pendens* recorded on the property and further waive any

        right to forfeit the property based on the violation of law giving rise to Defendant's guilty plea.

    (3)    Should the Defendant not perform under this subsection of the agreement, the Government reserves the right to seek any action necessary to forfeit additional assets.

    (4)    Should Defendant fail to perform his obligations under this subsection, this provision shall be severed from the underlying stipulation. Failure to perform under this subsection shall not effect any other subsection of this stipulation.

10.    NOW THEREFORE, based upon the Information and Rule 11 Plea Agreement, Defendant James Tague's acknowledgment of forfeiture, and the information in the record, any and all interest of Defendant James Tague in the subject property IS HEREBY FORFEITED to the United States for disposition in accord with law, and any right, title or interest of Defendant James Tague, and any right, title or interest that his heirs, successors or assigns, have or may have in said property IS HEREBY AND FOREVER EXTINGUISHED;

11. WHEREAS the Government and Defendant James Tague STIPULATE that the property forfeited pursuant to this order shall fully satisfy any current and future forfeiture obligations related to the violations of law for which Defendant has pleaded guilty in this action;

12. As part of this Agreement, Defendant James Tague's spouse, Arlyce Tague, waives her right, title, and interest she may have relative to the above mentioned property which is subject to forfeiture.

13. Arlyce Tague further acknowledges that she has been advised of her right to seek outside counsel, and she waives any conflict-of-interest which may exist in this immediate action.

14. Furthermore, Defendant's spouse, Arlyce Tague waives her right pursuant to 21 U.S.C. 853(n) to file a third-party petition challenging the forfeiture;

15. In return for the waiver in the preceding paragraph, the Government waives its right to pursue any further forfeiture action based on the violations of law for which the Defendant is pleading guilty.

16. This agreement shall have no effect on the amount of restitution ordered by the Court, or any attempt by the Government to collect restitution.

17. The United States shall publish at least once for three successive weeks, in a newspaper of general circulation, notice of this Preliminary Order of Forfeiture and its intent to dispose of the subject property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person, other than Defendant James Tague or his spouse Arlyce Tague, asserting a legal interest in the subject property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the subject property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the subject property.

18. In entering into this Stipulated Preliminary Order of Forfeiture, Defendant James Tague expressly waives his right to have a jury determine the forfeitability of his interest in the subject property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. Defendant James Tague knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and specifically acknowledge that the subject property constitutes or is derived from proceeds traceable to his violations of 18 U.S.C. § 666 or substitute property subject to forfeiture pursuant to 21 U.S.C. § 853(p).

19. Following the disposition of all third-party interests filed by lienholders, if any, and upon proof of publication and notice to any persons known to have alleged an interest in the property, the United States shall have clear title to the subject property, and the Attorney General and the United States Department of Justice are authorized to dispose of the forfeited assets in accordance with law.

20. Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant James Tague relative to the

above mentioned property subject to forfeiture at the time of his sentencing. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

21. Within thirty (30) days following the entry of a Judgment of Conviction containing an Order of Restitution in this criminal case, the United States Attorney's Office agrees that it will prepare a letter requesting that the proceeds from the forfeiture and sale of the properties forfeited by JAMES TAGUE as a result of this criminal case be applied to the known victims in this case, including but not limited to the Chippewa Valley School District. The letter request will be submitted by the United States Attorney's Office to the Department of Justice, Criminal Division, Asset Forfeiture and Money Laundering Section for determination. Defendant JAMES TAGUE acknowledges that no representation has been made to him, however, as to the outcome of such a request, and that he understands that the Asset Forfeiture and Money Laundering Section may grant, grant-in-part, or deny the request that the forfeited assets be applied toward his restitution obligations.

Agreed as to form and substance:

STEPHEN J. MURPHY
United States Attorney

| | |
|---|---|
| s/PHILIP A. ROSS | w/consent of NEIL S. ROCKIND |
| Assistant U.S. Attorney | Attorney for Defendant James Tague |
| 211 W. Fort Street, Suite 2001 | 29100 Northwestern Highway |
| Detroit, MI 48226 | Southfield, MI 48034 |
| (313)-226-9790 | (P48618) |
| VA State Bar #70269 | nrockind@rockindliss.com |
| philip.ross@usdoj.gov | |
| Dated: February 27, 2008 | Dated: February 27, 2008 |
| w/consent of James Tague | w/consent of Arlyce Tague |
| James Tague, Defendant | Arlyce Tague, spouse of Defendant James Tague, *Pro Se* |
| Dated: February 27, 2008 | Dated: February 27, 2008 |

*********************************************

**IT IS SO ORDERED.**

                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: March 4, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 4, 2008.

<u>s/Denise Goodine</u>
Case Manager